# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANNABEL VILLANI

      Plaintiff,

v.                                       Case No. 08-CV-10885

CUNA MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## "STATEMENT OF PROCEDURAL CHALLENGE"

Pending before the court is Plaintiff Annabel Villani's "Statement of Procedural Challenge." Defendant Cuna Mutual Insurance Company has responded. The matter is thus fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will, for the reasons stated below, deny Plaintiff's challenge and therefore limit review to the administrative record.

## I. BACKGROUND

Plaintiff, who is seeking benefits from Defendant's health insurance plan, brought her claims in state court under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant removed the case to this court on March 3, 2008. Plaintiff filed her complaint after Defendant denied coverage for services provided by a home health care agency for Plaintiff.

Plaintiff's statement of procedural challenge alleges that "Plaintiff has been denied due process in that Defendant has repeatedly violated the requirements of the regulations by repeatedly changing the reasons for the claims denial and failing to

identify what additional information was necessary for Plaintiff to perfect her claim."
(Pl.'s Br. at 5.)  Plaintiff further claims that "[t]he only reasonable explanation . . . is bias, self-dealing and/or a complete absence of due process."  (*Id.*)

## II.  STANDARD

For individual claims for benefits under ERISA, a district generally may not consider evidence outside of the administrative record.  *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998).  The district court may consider other evidence "only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part."  *Id.*  Persuasive unpublished Sixth Circuit cases have held that the mere allegation of due process or bias concerns does not give rise to discovery beyond the administrative record.  *Putney v. Medical Mutual of Ohio*, 11 Fed. App'x 803, 806-07; *Likas v. Life Ins. Co. of North America*, 22 Fed. App'x 481, 486 (6th Cir. 2007); *see also Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1007 (8th Cir. 1996).

## III.  DISCUSSION

The court is not persuaded that Plaintiff's procedural challenge goes beyond mere assertion.  Plaintiff submits multiple exhibits, the most relevant of which are the various denial letters and opinions by Defendant.[1]  The court will therefore not summarize the intervening appeal letters submitted by Plaintiff, her family or counsel.

---

[1]Defendant's subsidiary, Corporate Benefit Services of America, Inc. ("CBSA"), authored a number of denials.  For ease of summary, the court will attribute CBSA's decisions to Defendant.

The first denial is a form indicating that certain submitted items, including "personal caregiver charges," were "not eligible." (11/12/05 Denial, Pl.'s Ex. B.) The next denial communication outlines the plan provisions for home health care and concludes that "[t]he Exclusions and Limitations section of the Plan indicates no benefits will be payable under the Plan for custodial care or patient convenience items." (1/23/06 Denial, Pl.'s Ex. D.) The subsequent denial addresses the definitions under the plan for home health care agency and custodial care. (4/6/06 Denial, Pl.'s Ex. F.) Defendant concluded that Plaintiff's expenses for Caring Hands Home Care Services were not eligible for coverage under the plan because Caring Hands did not meet the definition of a home health care agency. (*Id.*)

A later letter addressed to Plaintiff's counsel sought documentation verifying whether Caring Hands met the definitional elements of a home health care agency under the plan. (9/11/06 Letter, Pl.'s Ex. G.) After receipt of the requested materials, Defendant determined again that Caring Hands did not fall under the terms of the plan. (12/20/06 Denial, Pl.'s Ex. I.) "Documentation has not been submitted as proof that it provides skilled nursing services. In addition, we have not received Medicare's Explanation of Benefits statements for any of the incurred expenses." (*Id.*) After another appeal, Defendant responded in a letter that again concluded that Caring Hands was not eligible under the plan, stating that the documentation provided indicated that the plan excluded expenses that were not medically necessary and that Caring Hands provided "primarily custodial or housekeeping" services. (5/23/07 Letter, Pl.'s Ex. K.) The final correspondence Plaintiff presents is a letter by Defendant outlining how, based upon the submitted documentation, Caring Hands did not meet all

the criteria in the plan's definition of a home health care agency. (12/4/07 Letter, Pl.'s Ex. M.)

The court's review of the record reveals that Defendant communicated a consistent rationale for its denial of benefits. Whatever the merits of the denials themselves, the court is not persuaded that Defendant gave differing or inconsistent reasons for its decision. While some communications were more thorough than others, the thrust of each denial was a determination of ineligible expenses based upon the plan's requirements for home health care agencies. The marginal differences in articulation do not sever the common threads running through Defendant's determinations. The record therefore fails to support Plaintiff's assertion of a lack of due process, bias or other procedural challenge that would call for discovery outside of the administrative record. The court will therefore deny the procedural challenge.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Statement of Procedural Challenge" [Dkt. # 5] is DENIED.

      S/Robert H. Cleland                  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 25, 2008, by electronic and/or ordinary mail.

      S/Lisa Wagner                        
Case Manager and Deputy Clerk
(313) 234-5522